## Commonwealth v. Pelot

*Peter Paul Olszewski Jr., assistant district attorney,* for the Commonwealth.
*Demetrius Fannick,* for defendant.

BROMINSKI, *J.,* May 5, 1993—This matter comes before the court upon defendant's motion for a new trial and/or in arrest of judgment.

The defendant was charged with possession of a controlled substance (1st count), acquiring or obtaining possession of a controlled substance (2nd count) and furnishing false or fraudulent material information or omission of material information (3rd count) on March 5, 1991 in information no. 2054 of 1991. She was charged with the identical charges on March 8, 1991 in no. 2054-A of 1991.

After a trial by jury, they found the defendant not guilty on all charges filed to no. 2054 of 1991, and guilty on all charges filed to no.2054-A of 1991.

The defendant filed a timely motion in arrest of judgment and for new trial.

We shall address ourselves to the motions as raised in the defendant's brief.

## DISCUSSION

It is agreed in the briefs by both defendant and Commonwealth that the defendant is precluded in challenging the denial of her demurrer. It is agreed that the

court is restricted on appeal to the sufficiency of the evidence.

First, the defendant argues that with regard to Count 1, possession of a controlled substance, that she is a registered nurse and she is exempt as a practitioner. The Controlled Substance, Drug, Device and Cosmetic Act reads:

"35 P.S. §780-113(16) provides that it is unlawful for a *person not registered* under the Act, or a *practitioner not registered* or licensed by the appropriate State Board, to knowingly or intentionally possess a controlled substance...." (emphasis added)

The defendant argues that the Commonwealth did not meet its burden of proof in establishing this element of the offense, and the verdict of guilty is thus contrary to law and not supported by the evidence.

This issue was disposed of in *Commonwealth v. Gordon,* 511 Pa. 481, 515 A.2d 558 (1986), the essence of which is that once a person who qualified as a practitioner, e.g. a registered nurse, procured more than prescribed by a doctor in charge, the nurse, practitioner, loses her status under the Act.

There is testimony that the defendant possessed 500 milligrams of Demerol on March 8, 1991, when Dr. Michael Kotch prescribed only 250 milligrams. The narcotic sheet demonstrates in the defendant's handwriting that she knowingly and intentionally possessed more Demerol than was authorized by Dr. Kotch. This unauthorized Demerol was not given to the patient, Kenneth Smith.

Suffice it to say that once a person qualified under the Drug and Cosmetic Act as a practitioner in any form, he or she cannot act with impropriety.

The defendant also argues that similarly this contention is applicable to Count 3. However, the same reasoning applies. The defendant did not deny possession of narcotics, but attempted to excuse her possession by testifying that the narcotics were wasted. This was for the jury.

The defendant does not offer any authority for her possession.

Therefore, we hold this reason to be without merit.

The defendant next argues that the court erred in not allowing her to introduce testimony regarding the fact of her pregnancy at the time of the offense and the effect that Demerol would have on the newborn child. This court precluded said testimony by the defendant.

Defendant cites *Commonwealth v. Scott,* 480 Pa. 50, 389 A.2d 79 (1978) indicating evidence which tends to establish some fact material to the case or which tends to make a fact at issue more or less probable is relevant.

In *Scott, supra,* the trial court prohibits the defendant from introducing a racial incident that happened 35 days prior to the alleged homicide, the defendant's defense being self-defense. On appeal, the Superior Court reversed this, indicating that defendant's state of mind was relevant, and that the fact tended to establish that the defendant's actions were motivated by fear rather than the intent required to convict for murder.

The Commonwealth cites the case of *Commonwealth v. Jackson,* 336 Pa. Super. 609, 486 A.2d 431 (1984), which stands for the principle that the admission or exclusion of evidence is a matter committed to the sound discretion of the court, the admission or exclusion would not be disturbed unless it amounted to an abuse of dis-

cretion, and that only competent evidence is admissible at trial. Evidence is relevant if it tends to prove or dispose of the matters in controversy.

In *Jackson, supra,* the court affirmed the exclusion at trial of psychiatric testimony offered to negate specific intent since the defendant never conceded general criminal liability, and his theory of defense was that the co-defendant committed the murder.

In the case sub judice, the defendant never denied the possession of Demerol. In fact, she was not charged with using the Demerol in her possession. Therefore, the court concluded that the effect of her personal use of the Demerol on her pregnancy was speculation and, therefore, not admissible.

The contention that the allowance of that testimony would be supportive of her position that the medication was wasted or discarded is also speculative. It is neither a matter of "intent" or any element of the crime.

Upon further reflection, the court concludes that the exclusion, if it was indeed error, was not an abuse of discretion.

We therefore, conclude that defendant's post-trial motions are without merit.

## ORDER

It is hereby ordered, adjudged and decreed that the motion in arrest of judgment and for new trial of defendant, Anna M. Pelot, is denied and dismissed, and the defendant shall appear for sentencing on Wednesday, June 16, 1993 at 9:30 a.m. in Courtroom no. 4, Luzerne County Courthouse, Wilkes-Barre, PA.